**CASE NO. 24-3388**

# United States Court of Appeals
## for the
## Sixth Circuit

**John Noakes**
*Plaintiff-Appellant*

v.

**University of Cincinnati, et al**
*Defendants-Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MICHIGAN
Civil Action No. 1:23-cv-00284-MRB
Honorable Michael R. Barrett, United States District Judge, presiding

**MOTION TO EXPEDITE BRIEFING AND ORAL ARGUMENT**

/s/ Joshua Adam Engel
Joshua Adam Engel (OH 0075769)
ENGEL & MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
 (513) 445-9600
 (513) 492-8989 (Fax)
engel@engelandmartin.com

**CORPORATE DISCLOSURE**

Appellant is not a subsidiary or affiliate of a publicly owned corporation. There is no publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome.

**RELIEF SOUGHT**

Pursuant to Fed. R. App. P. 2 and 27, 6 Cir. R. 27(f), and 28 U.S.C. § 1657, Appellant moves this Court to expedite the briefing and oral argument[1] in this matter. Appellant requests that the Court set a briefing schedule which would permit oral argument during the Court's oral argument sessions the weeks of July 15, 2024 or July 22, 2024. Appellant respectfully suggests the following briefing schedule:

| | |
|---|---|
| Appellant's Brief: | May 31, 2024 |
| Appellee's Brief | June 21, 2024 |
| Appellant's Reply Brief: | July 3, 2024 |

---

[1] Appellant respectfully suggests that the Court would benefit from hearing oral argument in this matter. This case raises an issue of significant concern: the procedures used by educational institutions to discipline students. Appellant believes oral argument will assist the Court in its analysis of the disputed issues presented on appeal and will enable counsel to address any questions the Court may have

3

**ARGUMENT**

    **A.**    **Standard**

The Court has the authority to expedite consideration of this appeal of the denial of a motion for preliminary injunction for good cause pursuant to Fed. R. App. P. 2 and 27, and 6 Cir. R. 27(f). This is consistent with 28 U.S.C. § 1657, which provides that "the court shall expedite the consideration of any action… for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown."

    **B.**    **Procedural And Factual Background**

This case is one of many cases in this Court that address the policies that schools like UC have adopted to respond to allegations of sexual assault on campus in direct response to pressure from the U.S. Education Department's Office of Civil Rights related to the enforcement of Title IX.[2] This Court has, in multiple opinions, questioned the legality and constitutionality of these policies and procedures, noting that schools (including Appellee) have continued to adopt practices that impermissibly abrogate the due process rights of students. *See e.g. Doe v. Univ. of Cincinnati,* 872 F.3d 393 (6th Cir. 2017); *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018); *Doe v. Miami Univ.*, 882 F.3d 579 (6th Cir. 2018); *Endres v. Northeast Ohio Med. Univ.*, 938 F.3d 281 (6th Cir. 2019)

Appellant John Noakes was a student at UC. In September 2021 John Noakes and a female UC student, Jane Roe, engaged in sexual activity after meeting at a

---

[2] *See e.g.* Samantha Harris & KC Johnson, *Campus Courts in Court: The Rise in Judicial Involvement in Campus Sexual Misconduct Adjudications*, 22 N.Y.U. J. Legis. & Pub. Pol'y 49 (2019).

fraternity party. Six months later, the UC Office of Gender Equity & Inclusion received an online report indicating that Jane Roe had "recounted an incident…" Two-and-a-half months after that, in July 2022, Jane Roe submitted a signed Formal Complaint to UC alleging that she had been sexually assaulted by John Noakes.[3] UC proceeded to conduct an investigation and hearing into the matter. John Noakes was found responsible for violating the UC Title IX Policy; this decision was upheld on appeal. John Noakes was expelled from the school.

This litigation followed.

John Noakes filed a Motion for a Preliminary Injunction seeking to preliminarily enjoined UC officials from imposing disciplinary sanctions against him, requiring that the school officials remove any negative notations from his disciplinary records, and prohibiting officials from reporting or disclosing that he was expelled for disciplinary reasons. (Doc#3.) The trial court permitted the parties to conduct limited expedited discovery, including depositions, relevant to the Motion for Preliminary Injunction. The parties submitted the matter to the trial court for resolution on a record consisting of affidavits from the parties and the discovery obtained. The trial court heard oral

---

[3] John Noakes unequivocally denies Jane Roe's allegations. Specifically, John Noakes unequivocally denies that he violated the UC Code of Student Conduct or the Title IX Policy. Of course, the underlying "guilt" or "innocence" of John Noakes is not relevant to this appeal. *Cf. Doe v. Brown Univ.*, 210 F. Supp. 3d 310, 312-313 (D.R.I. 2016) (noting that a courts "only role in this case is to determine whether" a school complied with its policies and emphasizing that "It is not the Court's role to determine the facts of what happened between" the students).

argument in February 2024[4] and on May 2, 2024, issued an Order denying the Motion for Preliminary Injunction. (Doc#48.)  This appeal followed.

### C.    Expedited Consideration Is Necessary To Prevent Irreparable Harm To Appellant

Good cause for expedited consideration is shown by the irreparable harm Appellant will suffer in the absence of preliminary injunctive relief.

This Court's rules generally provide for expediting appeals that arise from the denial of a motion for a preliminary injunction. *See* 6th Cir. R. 31(c)(2)(A) ("The court schedules expedited briefing in the following cases: appeals from orders denying or granting preliminary injunctions"); 6th Cir. R. 34(c)(2) ("Where the court determines that a case of one of the types listed below is to be orally argued, argument will generally be expedited… appeals from orders denying or granting preliminary or temporary injunctions…"); 6th Cir. I.O.P. 28 ("In the following cases, this court directs the parties to file briefs on an expedited basis and then schedules an oral hearing or submission on briefs as soon as possible: … appeals from orders denying or granting preliminary or temporary injunctions…").

In this case there is good cause to expedite the appeal in accordance with the Court's rules and practice.  Plaintiff claims that his constitutionally guaranteed due process rights were violated and that, in the absence of relief, he would suffer

---

[4] No evidence was taken during the hearing; as a result, no transcript of this hearing is necessary for this appeal.

6

irreparable harm, in part, because he would be required to disclose the discipline to graduate schools and potential employers. In *Univ. of Cincinnati,* this Court held that school discipline constitutes irreparable harm for the purposes of a preliminary injunction because of the risk of damage to a student's academic and professional reputations and the adverse effect on a student's ability to enroll at other institutions of higher education and to pursue a career. 872 F.3d at 407. In affirming a grant of a preliminary injunction, this Court said, "Were we to vacate the injunction, [the student] would be suspended… and suffer reputational harm both on and off campus based on a finding rendered after an unfair hearing." *Id. Cf. Doe v. Cummins*, 662 F.App'x 437, 445 (6th Cir. 2016) (noting that an "adverse disciplinary decision did, and continues to, impugn [the student's] reputation and integrity…") This Court further explained, "When a defendant's actions have threatened and impaired a plaintiff's constitutionally protected property interest in his education and future employment, irreparable injury is presumed." *Univ. of Cincinnati*, 872 F.3d at 407, *quoting Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012).

**CONCLUSION**

The Court should expedite briefing and oral argument in this matter.

Respectfully submitted,

/s/ Joshua Adam Engel
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for Appellee. Counsel who have not entered an appearance will be served by email.

/s/ Joshua Adam Engel
Joshua Adam Engel (0075769)