No. 24-3388

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**JOHN NOAKES**

*Plaintiff-Appellant*

v.

**UNIVERSITY OF CINCINNATI, ET AL.**

*Defendants-Appellees*

On Appeal from the United States District Court
for the Southern District of Ohio
Case No. 1:23-cv-284

**APPELLEES' RESPONSE TO MOTION TO EXPEDITE BRIEFING AND ORAL ARGUMENT**

Dominick S. Gerace
Jada M. Colon
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 381-2838
dgerace@taftlaw.com
jcolon@taftlaw.com

*Counsel for Defendants-Appellees*

Defendants-Appellees University of Cincinnati, Alecia Trammer, Adrienne Lyles, Bluzette Marshall, and Ashleigh Wade respectfully respond to Plaintiff-Appellant John Noakes's motion seeking expedited briefing and oral argument pursuant to Fed. R. App. P. 2 and 27, 6 Cir. R. 27(f), and 28 U.S.C. § 1657.

Defendants-Appellees recognize that 6 Cir. R. 31(c)(2) provides that the Court generally schedules expedited briefing in cases involving "appeals from orders denying or granting preliminary injunctions" and has no objection to proceeding on an expedited briefing schedule if the Court believes that to be the appropriate course here.

Defendants-Appellants do, however, oppose Plaintiff-Appellee's request that the Court set this matter for oral argument—on an expedited basis or otherwise. While 6 Cir. R. 31(c)(2) provides that the Court's general practice is to order expedited briefing in cases such as this, there is no similar rule suggesting that the Court should order expedited oral argument (or any oral argument for that matter). As outlined in Noakes's motion, 6 Cir. R. 34(c)(2) provides: "*Where the Court determines that a case of one of the types listed below is to be orally argued*, argument will generally be expedited." (emphasis added). And 6 Cir. IOP 28(c) provides: "Issuance of a routine briefing schedule and expedited argument *or submission on the briefs* is directed in the following cases: appeals from orders denying or granting preliminary or temporary injunctions."

1

Under both rules, this Court has discretion to determine whether oral argument should be granted irrespective of whether this case involves an order granting or denying a motion for preliminary injunction. And contrary to Noakes's suggestion, oral argument is not necessary for the Court to uphold the district court's order here. In his motion, Noakes attempts to draw parallels between this case and other cases where, according to Noakes, this Court has addressed the enforcement of Title IX and "questioned the legality or constitutionality of [Title IX] policies and procedures." Doc. 7 at 4. But a cursory review of the district court's order—which outlines the more-than-sufficient process afforded to Noakes—demonstrates why this case raises no such questions.

Further, Noakes suggests that there is good cause to expedite this appeal due to "irreparable harm" that he may suffer as a result of the Title IX proceeding. Yet, irreparable harm may only be presumed in cases where the plaintiff actually has met their burden of establishing a likelihood of success on the merits of the underlying constitutional claim. *Hartman v. Acton*, 613 F. Supp. 3d 1015, 1025 (S.D. Ohio 2020) (citing *McNeilly v. Land*, 684 F.3d 611, 621 (6th Cir. 2012)). Because the district court determined that Noakes failed to meet his burden of establishing a likelihood of success on the merits of his procedural due process claim, it is fair for this Court to consider whether the arguments in Noakes's motion are sufficient to establish that this appeal should be expedited at all—regardless of whether it

involves an order denying or granting a motion for a preliminary injunction.

        Respectfully submitted,

        */s/ Dominick S. Gerace*
        Dominick S. Gerace
        Jada M. Colon
        Taft Stettinius & Hollister LLP
        425 Walnut Street, Suite 1800
        Cincinnati, OH  45202
        Phone: (513) 381-2838
        dgerace@taftlaw.com
        jcolon@taftlaw.com

        *Counsel for Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE

This Brief complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(A) because it contains 497 words.

This Brief also complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Times New Roman font using Microsoft Word.

Dated: May 16, 2024

*/s/ Dominick S. Gerace*

## CERTIFICATE OF SERVICE

I certify that on May 16, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Dominick S. Gerace*
