**CASE NO. 24-3388**

# United States Court of Appeals
## for the
## Sixth Circuit

**John Noakes**

*Plaintiff-Appellant*

v.

**University of Cincinnati, et al**

*Defendants-Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
Civil Action No. 1:23-cv-00284-MRB
Honorable Michael R. Barrett, United States District Judge, presiding

**REPLY TO RESPONSE TO
MOTION TO EXPEDITE BRIEFING AND ORAL ARGUMENT**

/s/ Joshua Adam Engel
Joshua Adam Engel (OH 0075769)
ENGEL & MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
 (513) 445-9600
 (513) 492-8989 (Fax)
engel@engelandmartin.com

**ARGUMENT**

In this case, this Court will be asked to consider whether the procedures used by UC in this case, which the District Court described in its Order denying the Motion for a Preliminary Injunction, complied with this Court's student due process decisions, including: *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629 (6th Cir. 2005); *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017); *Doe v. Miami Univ.*, 882 F.3d 579 (6th Cir. 2018); *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018); and *Endres v. Northeast Ohio Med. Univ.*, 938 F.3d 281 (6th Cir. 2019).

Appellee does not contest that this Court has held that students face irreparable harm from unconstitutional adverse disciplinary decisions because, *inter alia*, of the risk of damage to a student's academic and professional reputations and/or ability to obtain employment or admission to other schools. *See e.g. Univ. of Cincinnati,* 872 F.3d at 407. Appellee also does not contest that the violation of constitutional rights is presumed to constitute irreparable harm. *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002), Instead, Appellee states that "irreparable harm may only be presumed in cases where the plaintiff actually has met their burden of establishing a likelihood of success on the merits of the underlying constitutional claim." Response at 2. Appellee's Response begs the question by assuming that this Court will affirm the conclusion of the District Court that there is no substantial likelihood of success on the merits. This assumption is unwarranted because the likelihood of success on the merits is a question of law that is reviewed *de novo* by this Court. *Sunless, Inc. v. Palm Beach Tan,*

*Inc.*, 33 F.4th 866, 868 (6th Cir. 2022), *citing Speech First, Inc. v. Schlissel*, 939 F.3d 756, 763 (6th Cir. 2019).[1]

Accordingly, if this Court, on *de novo* review, determines that Appellant has a substantial likelihood of success on the merits of his claim that UC violated his procedural due process rights, then irreparable harm may be presumed. Expedited consideration is, therefore, appropriate to avoid such irreparable harm.

**CONCLUSION**

The Court should expedite briefing and oral argument in this matter.

Respectfully submitted,

_____/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for Appellee.

/s/ Joshua Adam Engel
Joshua Adam Engel (0075769)

---

[1] A district court's determination as to whether the four preliminary injunction factors weigh in favor of granting or denying preliminary injunctive relief for abuse of discretion. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005).