

Joshua Engel, *Partner*  
Jim Hardin, *Partner*  
Mary Martin, *Partner*  
Scott O'Reilly, *Of Counsel*  
Anne Tamashasky, *Of Counsel*

February 12, 2024

Office of the Clerk  
United States Court of Appeals for the Sixth Circuit  
540 Potter Stewart U.S. Courthouse  
100 E. Fifth Street  
Cincinnati, Ohio 45202-3988

      Re:    *Noakes v. University of Cincinnati, et al.*  
              Case Number: 24-3388

Dear Ms. Stephens:

Pursuant to Federal Rule of Appellate Procedure 28, a pertinent and significant authority has come to Appellant's attention: *Doe v. Univ. of Kentucky*, 6th Cir. No. 22-6012, 2024 U.S. App. LEXIS 19791 (Aug. 7, 2024).

*Univ. of Kentucky* involved a Title IX claim brought by a student who claimed that the university mishandled the hearing on her claim that she was a victim of sexual assault.

*Univ. of Kentucky* may initially appear to be the opposite of this case – a claim brought by a student that UC mishandled a hearing on the claims that he committed a sexual assault. But this case and *Univ. of Kentucky* are actually two sides of the same coin – the coin being a school's failure to provide students (accused and accuser alike) with adequate due process to assure accurate and reliable outcomes in Title IX proceedings. In *Univ. of Kentucky*, the school delayed the process, the hearing panel made a number of procedural errors, and the hearing panel's decision rested on "such thin inconsistencies and innocuous details that it deprived her of a fair adjudication." 2024 U.S. App. LEXIS 19791, at *33. Similarly, in this case, UC delayed in the case, multiple procedural errors occurred, and a "perplexing" decision on credibility issues permitted an inference of bias and created a fundamentally unfair process. Appellant Br. at 39-50.

This Court in *Univ. of Kentucky* expressed concerns about a panel's credibility determinations – including the fact that the hearing panel "drew inferences" impacting credibility "from facts not in evidence." 2024 U.S. App. LEXIS 19791, at *34-35. This mirrors Appellant's arguments, based on *Doe v. Miami Univ.*, 882 F.3d 579 (6th Cir. 2018), and *Endres v. Northeast Ohio Med. Univ.*, 938 F.3d 281 (6th Cir. 2019), that Appellant's due process rights were violated when UC's hearing

panel relied on information from an outside source to make credibility determinations without disclosing this information.  Appellant Br. at 34.

Sincerely,

Joshua Engel

cc:    All Counsel (by ECF)