

425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Tel: 513.381.2838 | Fax: 513.381.0205
taftlaw.com

**Jada M. Colon**
513.357.9487
JColon@taftlaw.com

August 27, 2024

**VIA CM/ECF**

Kelly L. Stephens, Clerk of Court
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart United States Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

        Re: *Noakes v. Univ. of Cincinnati, et al*. Case No. 24-3388

Dear Ms. Stephens:

        Pursuant to Fed. R. App. P. 28(j), Appellees respectfully submit this response to Appellant's citation of supplemental authority. (Doc. 23)

        Contrary to Appellant's suggestion, *Doe v. Univ. of Kentucky*, No. 22-6012, 2024 U.S. App. LEXIS 19791 (6th Cir. Aug. 7, 2024), is not pertinent to this case. Most fundamentally, the decision does not address the contours of due process in student disciplinary proceedings—the issue upon which Appellant's motion for preliminary injunction rests. Instead, the Court in *Univ. of Kentucky* held that the plaintiff established a prima facie case of retaliation under Title IX. That holding has no precedential value in the determination of whether the Appellant here received sufficient process.

        Appellant's attempt to draw factual comparisons between the two cases, moreover, is misplaced. While Appellant claims that the delays in scheduling, procedural errors, and credibility determinations in *Univ. of Kentucky* are analogous to this case, they are not. In *Univ. of Kentucky*, the fourth hearing occurred almost two-and-a-half years after the incident in question, *id*. at *9, and the university admitted that it delayed scheduling that hearing for almost a year-and-a-half because the plaintiff had filed the lawsuit. *Id*. at *27-28. The university also admitted that it had previously cancelled the hearing on the scheduled morning to avoid opening the door to a post-hearing challenge in federal court. *Id*. at *28. Here, by contrast, the hearing took place

August 27, 2024
Page 2

approximately six months after filing of the formal complaint and UC complied with its Title IX Policy regarding the timeline for completion of the grievance process.

Nor does this case feature any of the procedural and credibility issues present in *Univ. of Kentucky*. There, the panel considered testimony that was previously ruled inadmissible, proceeded without the testimony of a critical witness who may have placed the plaintiff's credibility in a more favorable light (and with respect to whom there were allegations of interference), and found that the plaintiff was not credible despite having come to the opposite conclusion in all of the three previous hearings. *Id*. at *33-36. Nothing approximating those circumstances happened in Appellant's disciplinary proceeding.

Respectfully,

Jada M. Colon

JMC